UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL CASE NO. 12-cv-7221-KKC-CJS
CRIMINAL NO. 09-cr-147-KKC-CJS

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                          REPORT AND RECOMMENDATION

TROY D. GARDNER                                                        DEFENDANT

* * * * * * * * * * * * *

On June 9, 2012, Defendant Troy D. Gardner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 138).[1] On October 29, 2012, after being granted two requested extensions, the United States filed a Response to Defendant Gardner's § 2255 Motion (R. 161), and a Motion to Dismiss Gardner's § 2255 Motion (R. 162), to which Gardner filed a Response (R. 168). The United States requested and was granted the opportunity to file a Supplemental Response to address whether Gardner's transfer to a facility in this jurisdiction impacted its arguments. (R. 173). Gardner was given an opportunity to respond to the Supplemental filing, but did not do so. (R. 175).[2] Having all relevant documents before the Court, this matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C.

---

[1] Although the Clerk of Courts received and docketed the motion on June 11, 2012, it is deemed filed on the date Petitioner deposited it in the institution's internal mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Cases in the United States District Courts. Here, the *pro se* motion was signed on June 9, 2012. (*See* R. 138, at 13). Giving Defendant the benefit of the doubt and applying the prisoner mailbox rule, the Court deems the Motion to Vacate to have been filed on June 9, 2012. *Houston v. Lack*, 487 U.S. 266, 273 (1988).

[2] In that the Government's Supplemental Response explained that it ultimately determined that Gardner's move to a facility within this district did not impact the analysis it provided in its Motion to Dismiss, it is not surprising that Gardner did not respond to the supplemental filing.


§ 636(b). For the reasons set forth below, it will be **recommended** that the District Court **deny** Defendant's § 2255 Motion.[3]

## I.    Procedural Background

On May 13, 2010, Defendant entered a plea of guilty to Count 2 of the Indictment, which charged him with possession with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine (crack) in violation of 21 U.S.C. § 841(a)(1). The Government agreed to dismiss the remaining five counts. (R. 58). On December 7, 2010, the District Court sentenced Defendant to a prison term of forty-two months, to run concurrent to his sentence in an unrelated state matter, with four years of supervised release to follow. (R. 109).

On January 11, 2011, the Court entered an Amended Judgment to correct a clerical error that is not relevant to the current motion. (*See* R. 113, 114). Although reserving his right to appeal the denial of his pretrial motion to suppress and his sentence, Defendant did not file a direct appeal. Therefore, the Amended Judgment became final on January 25, 2011, fourteen days after its entry, when the time to file his notice of appeal expired without him having done so. *See Johnson v. United States*, 457 F. App'x 462, 464-65 (6th Cir. 2012).

On April 2, 2012, Defendant began sending letters to presiding District Judge Karen Caldwell and/or the Clerk of Court regarding issues raised in the pending motion. (R. 132, 134, 136). On June 9, 2012, Defendant filed the pending Motion to Vacate, Set Aside, or Correct Sentence. (R. 138). Defendant's motion presents five grounds for relief: (1) that he has not received credit towards his federal sentence for time served in state custody prior to the state turning the matter over

---

[3]An evidentiary hearing is not necessary in this case because there are no genuine issues of material fact in dispute and the record conclusively shows that Gardner is not entitled to any relief under 28 U.S.C. § 2255. *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008).

to the federal authorities; (2) violation of the Interstate Agreement on Detainers; (3) violation of the Speedy Trial Act; (4) ineffective assistance of counsel for failing to raise issues of violation of both the Interstate Agreement on Detainers and the Speedy Trial Act; and (5) repeats his argument that his federal sentence should be run fully concurrent with state sentence, including time served on state sentence prior to his federal sentencing.

## II.   Analysis

### A.   Statute of Limitations

Section 2255 motions are subject to a one-year statute of limitations, which begins to run from the latest of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Gardner's conviction became final on January 25, 2011, fourteen days after entry of the Amended Judgment, when the time to file his notice of appeal expired without him having done so. *See Johnson v. United States*, 457 F. App'x 462, 464-65 (6th Cir. 2012). (R. 86). Therefore, he had until January 25, 2012, to file a § 2255 motion. Since he did not file the instant motion until June 11, 2012, his motion is untimely and barred by the statute of limitations.[4]

---

[4] Even if this Court were inclined to analyze the statute of limitations utilizing the date Gardner first wrote to District Judge Caldwell regarding his post-conviction issues, which was April 2, 2012 (*see* R. 132), he is still more than two months out of time.

3

Gardner asserts that his motion should not be time barred because he only recently learned his rights had been violated and as soon as he learned, he tried to raise the issues with the Court. He claims he first contacted his trial lawyer, who told him there was no basis for the claims. After discussing the matter with " a lawyer [] at the jail" on March 3, 2012, he again talked to his counsel who did not help him, thus requiring he file the pending motion pro se. Gardner does not, however, explain why, with the exercise of due diligence, the facts surrounding his claims could not have been discovered prior to the expiration of the statute of limitations. Specifically, the relevant dates for purposes of calculating the time under either the Speedy Trial Act or Interstate Agreement on Detainers were docketed in the Record of this matter. In addition, counsel stated in his Affidavit that early in his representation he and Defendant discussed his concern regarding the federal detainer that was lodged against him. (R. 161-1, at ¶¶ 2, 12).

Although the one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling, Gardner has not demonstrated he is entitled to its application in this case. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011), *cert. denied,* 133 S. Ct. 187 (2012) (citing *Holland v. Florida*, __U.S.__, __, 130 S. Ct. 2549, 2560 (2010)); *see also McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (petitioner bears the burden of demonstrating he is entitled to equitable tolling). Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). The Supreme Court set forth a two-part test under which a habeas petitioner is entitled to equitable tolling if he demonstrates that (1) "he has been pursuing his rights diligently," and (2) that "some

extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562.

Here, Gardner has not presented facts that establish he has been pursing his rights diligently or that some extraordinary circumstance stood in his way to prevent a timely filing. Gardner argues that he first talked to the lawyer at the jail on March 3, 2012, who advised him to file the pending motion. Yet, he did not file the motion with the Court for an additional three months. In addition, the Affidavit of Counsel suggests Defendant was concerned with the detainer issue early in the case, yet he did not raise the issue with the Court during the plea or look into the matter further for more than a year after his conviction was final. It is well established that a prisoner's lack of knowledge of the law does not constitute extraordinary circumstances justifying equitable tolling. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling).

## B. Claims Attacking Sentencing Credit for State Time

Defendant raises an issue regarding how his state time is being calculated for purposes of his federal sentence. This issue, however, is not properly raised in a 28 U.S.C. § 2255 motion, but should be raised in a 28 U.S.C. § 2241 motion. *See Stevenson v. United States*, 495 F. Supp. 2d 663, 665 (E.D. Mich. 2007).

The Court notes that on November 26, 2012, after the filing of this matter, Defendant filed a motion under 28 U.S.C. § 2241 in this Court, Case No. 5:12-cv-349, which was assigned to District Judge Joseph Hood, challenging how the Bureau of Prisons calculated his credit for time served in state custody prior to his federal sentencing. On December 3, 2012, District Judge Hood entered an Order denying without prejudice Defendant's § 2241 Motion because it was not filed in the

5

jurisdiction in which he was confined. (*See Gardner v. United States*, 5:12-cv-349, at R. 2). In addition, District Judge Hood also advised Defendant that prior to filing his § 2241 Motion he must first exhaust his administrative remedies by filing a grievance with the Bureau of Prisons (BOP) and pursuing all administrative appeals. (*Id.*, citing *Fazzini v. Northeast Ohio Corr. Center,* 473 F.3d 229, 232 (6th Cir. 2006); BOP Program Statement 1330.16.). Accordingly, as this issue has already been adjudicated in this Court, it need not be addressed again.

The Court will reiterate, however, that Defendant must wait until he has exhausted his administrative remedies within the Bureau of Prisons. Then, if no relief is provided, he can file a petition under 28 U.S.C. § 2241 in the district court having jurisdiction over his custodian.[5] *See Fazzini,* 473 F.3d at 231 (holding that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241"); *Roberts v. Lamanna*, 22 F. App'x 534, 535 (6th Cir. 2001) (dismissal of § 2241 petition appropriate because did not exhaust administrative remedies); *Stevenson*, 495 F. Supp. 2d at 665-67. The Court further notes for Defendant's benefit that there is no statute of limitations for federal prisoners filing a petition under 28 U.S.C. § 2241. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012).

### III.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the

---

[5] Defendant has notified the Court that he is being held at the Federal Correctional Institution McDowell (*see* R. 176), which the Court notes for Defendant's benefit is located in the Southern District of West Virginia.

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it will be recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

**IV.    Conclusion and Recommendation**

For the reasons stated herein, **IT IS RECOMMENDED** as follows:

(1)    Defendant Gardner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (R. 138) be **denied;**

(2)    The Government's Motion to Dismiss (R. 162) be **granted;**

(3) A Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(4) This action be **stricken** from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 20th day of May, 2013.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\09-147 Gardner R&R final.wpd

8